We have several on today's calendar. Yeah, we've got a 14-year-old kid who was given 35 years to life, and he wants to have his day in court. He's got some claims that counsel did not effectively represent him. He was two days late in filing. Looking at Plyler v. Ford, we see that the door is open to equitable tolling if the petitioner was misled unintentionally by the district court, and that's what happened in this case. The petitioner had filed something with the court saying, look, can you hold on, can you please hold on to my matter while I go and file something in state court? Can you give me 60 days? He made a very specific request. The court never responded to that request in any way. And it's clear from Mr. Stewart's filings with the California Supreme Court and his language to the district court that he really believed that the district court was ordering him to go to state court, was going to hold on to his case. When he came back, it was going to be part of the same case. He had put the district court on notice that that was his belief. So similarly in Plyler, the issue was where the district court had dismissed, quote, without prejudice when, in fact, it was with prejudice. Was that affirmatively misleading? Of course, unintentionally. But the door seems to be left open to look at who the petitioner really is. This petitioner is not a lawyer. He didn't have a lawyer at the time that he filed the petition. He was 18 years old. He was doing his best. He did his damnedest. I mean, he filed a 70-page petition in the California Supreme Court for review. He filed his filings in the district court were extensive. He really believed in his case. He really believed that he had had a bum rap with his lawyer, and he really wanted his day in court, and he really wanted to be heard. So what is the language that the district court used that created the problem? Well, actually, if we look at Mr. Stewart's language, he's saying the issue is Mr. Stewart had put the district court on notice that he was viewing the dismissal or the situation a certain way. And he says he gets notice from the court that he has not exhausted his claims. He's not aware that he even has to exhaust or he has no concept of that requirement. He says, you know, I object to you dismissing this, and I'm asking you to let me file an amended petition after I go to state court, and I'm asking you to just give me 60 days. Just take this off calendar for 60 days. And in the meantime, I have filed in state court. As soon as he heard about the exhaustion, he didn't even wait until his first federal petition was decided. He went right away to state court, and he filed. And he said, just take this off calendar for 60 days, meaning to him, give me that extra 60 days, and then I'm going to come back here after I file in state court, and it's going to be part of the same case. That was so clearly his understanding. He says to the California Supreme Court, the federal court has ordered me to come back on a direct appeal and exhaust all state remedies. So he sees everything as part of the same transaction. I mean, his language is not a lawyer's language, understandably. He's a real young kid, and he's not a lawyer. But I think that would be enough to put the district court on notice that this guy is viewing this as part of the same case. And it's two days later. So then he filed that with the district court on March 21, 2001. And then the district court dismissed it without prejudice on April 17th? Right.  Well, imagine if it had been counsel who had filed some kind of request, like do something for 60 days. The court would actually answer saying, no, we can't grant the 60-day request. They didn't answer his request at all. I mean, he's not a lawyer, but he deserved an answer. And when he had finished exhausting in state court, he was only two days late. Right. Very close. You know, to the extent that it's relevant or appropriate, I mean, counsel doesn't believe that his underlying claims have merit and they deserve to be heard. What about the problem of equitable tolling with respect to the conditions, the lockdown? He alleges that, makes statements about it. There was some documentation showing that there was, looks like a lockdown or a modified lockdown. Right. Right. He's trying to explain why he was two days late. He's saying, look, I took a month after the state court denied me to refile because I had to copy stuff and everything. The district court didn't put much stock in that? No. The district court, I think, didn't really get an opportunity to examine the facts that carefully because the district court seemed to say that my client had delayed unreasonably, and that's really not supported by these facts. My client filed his first federal habeas petition nine months after the, so he still had three months left when he did that. The problem was that that time period when his first petition was pending was not tolled, and that's so counterintuitive. You know, you're going to believe when you've got your petition pending, you're going to believe. Your federal petition. Right. If you're, you know, you're an 18-year-old kid, you're going to believe that you made the statute. You got your petition in on time. And so because it's so counterintuitive, we've got this concept of equitable tolling where someone might be misled into thinking that, look, when I come back, this is going to be the same petition. I'd like, Judge Paez, I'd like to pursue the lockdown a little bit. Did you have any opportunity to present facts on the lockdown? No, because I'm the first person that Mr. Stewart has had on appeal. This is the first time he's ever had counsel. I see. So he himself didn't present anything. You know, he didn't really develop it. Well, if you had the opportunity now, are there some facts you could show as to how he was prevented from making copies? I think that would be a great thing, Your Honor. Because it seems to me, at least, that he was ready to go on September 28th, but he naturally wanted to have some copies, and he didn't get to copy them. Right. I think that would be a good approach. And I will reserve some time for rebuttal. Thank you. Sure. Thank you. May it please the Court, Deputy Attorney General Bill Bilderbach for Respondent. The question that was originally certified by this Court actually addresses the lack of diligence by Petitioner in filing his state petition, in waiting to file his state petition until the last day of the limitations period. And that was really the question that was, I guess, in the front of the district court's mind and in the front of this court's mind when it granted review. The relevant inquiry is not necessarily how this lockdown that may have delayed him a couple of days after the state petition was filed. Rather, it seemed at least my interpretation of this court's grant of review was concerned with why he waited until the last day of the limitations period before he first filed any petition in state court requesting review of these claims. But that was his right. Oh, absolutely, Your Honor. It's absolutely his right to wait until the 365th day to file his petition. However, as this court and other courts have indicated, if you choose to exercise your right in that manner, certain consequences may result. And one of the consequences that may result, as this court and other courts have stated, is that if you wait and use a substantial portion of time before you get into state court in the first instance, you may run the risk of being out of court after the state court resolves your question if you don't act in a reasonably prompt manner. So, yes, absolutely that's his right. But he only had one day left after that, and he waited substantially more than one day after the state court resolved his claim before he brought his action to the district court. He was only two days late. Is that right? I would dispute the accuracy of that, Your Honor, on a couple of bases. I know that the district court said that. But that is the case. Well, I countered it up. It seemed to me that he was two days late. Yes, Your Honor. But in order to get to that conclusion, we have to make certain assumptions which the district court made, which I don't think are necessarily supported by the facts. For example, we are going to have to, as liberally as possible, posit application of the mailbox rule, and we're going to have to posit application of the mailbox rule assuming, which, again, this is unsupported on the record, but assuming that the defendant presented his petitions for mailing on the date that he says that he signed them. The petitions are dated certain dates. And in order for the two-day period to be the two days late to be the appropriate calculation, we have to assume that he submitted them for mailing, that he signed them on the date that he dated them, and that he submitted them for mailing immediately upon those dates. Neither of those facts is adequately supported by the record. And so it would be our position in the first instance that, in fact, the first the State petition that he filed in the California Supreme Court was actually filed not on the last day, but after the expiration of the period of limitations. And this is, as I said in my brief. And then accordingly, any petitions that were filed thereafter were necessarily untimely. However, I and the district court, and apparently this court to some extent, if we are willing to presume for the purposes of argument that the mailbox rule obtains, and further, if we are willing to presume that. The mailbox rule does pertain. It's just whether it was complied with. Well, I'm sorry, Your Honor. I'm sorry. Whether the application of the mailbox rule would grant the defendant the time that's indicated by the date of the petitions. Of course, the mailbox rule necessarily applies, and thank you for that correction. But my point is we don't know what date to start counting from. We don't know if the defendant necessarily handed those petitions over on the date that they were signed. We don't, but isn't it, if we're thinking about what evidence might come in, it's likely he'd say that, wouldn't it? I would assume that he would say that. And, of course, then I would be in a position where I would have to go and get the mail records from the prison and we could have a discussion about that, if that was controlling. Since as far as we know right now, a couple of days are crucial. Yes. I wouldn't treat them dismissively as you started off by saying a couple of days. If he was ready to file his petition on September 28th, and if he had been able to hand it in for mailing on that day, he would have been on time. And I want to know why there shouldn't be a hearing as to the conditions of lockdown that prevented them from doing that. Well, I would point out to Your Honor that the defendant, the petitioner, excuse me, the petitioner presented it for mailing on September 26th. He said that in his, I believe it was in the context of his certificate for appealability. He said that he did present it for mailing on that date. We know that that's not true. We know that when he said he presented it for mailing on September 26th, he was lying, because the petition itself was not signed until October 3rd. Now, we can talk about perhaps whether or not there was some delay in the copying that might have prevented him from signing it and presenting it for mailing on the 26th. But right now, I have to say, I think a district court presented with the defendant's or the petitioner's predilection for misrepresenting when he has presented stuff for mailing is going to be unpersuaded by the defendant's or the petitioner's representations in that regard. Well, my regulation, I could be wrong. I thought the district judge said that he had the petition ready on the 28th, but didn't have access to a copier. And at that point, he gave it to somebody called his counselor to make copies. I could be mistaken about whether it was the 26th or the 28th as well, Your Honor. I think that both, I think, I don't know that it's significant for the purposes of this discussion, because in any event, we're agreed that he gave something to somebody on, before the expiration of the period of limitations on October 1st. Well, don't we have to find out what prevented the thing? You wouldn't expect him to file without a copy, would you? I don't know that it would, that, I don't know that he could not have obtained a copy. Well, that's right. But I should think that's something the district court should find out. I don't believe so, Your Honor, because, again, the question for equitable tolling purposes is whether or not extraordinary circumstances beyond the defendant's control prevented him from filing in a timely manner. And what the district court determined was that the allegations in the petition, even assuming that there was some small delay in a presentation of papers, documents for copying and then return of those documents, that those are insufficient to constitute extraordinary circumstances beyond the defendant's control. Well, let me pursue that. I'm sorry. Let me pursue that with you. Sure. If he is not able to make a copy, that's beyond his control. And wouldn't you also think it was extraordinary that he couldn't copy the petition he was going to file? I have a couple of responses to that, Your Honor. The first one is I'm unaware of any requirement that a defendant retain a copy. So I would say no. His decision to wait until he could receive a copy before he decided to mail it was a decision completely within his control. But I would say it would be crazy to give up an important legal paper and not have any copy of it. Well, I would say that to the extent that he believes that it's necessary for him to have a copy, it's incumbent upon him to request the copy in a timely manner such that he can get them back to him. Well, we are not. Maybe he couldn't. I mean, we have no idea what the conditions were at the present. Again, Your Honor, I would point this Court back to the language that this Court and other courts, the Supreme Court, have used in describing equitable tolling, and that is extraordinary circumstances beyond the defendant's control which prevent the petitioner. I keep saying defendant. I apologize. Prevent the petitioner from filing his petition in a timely manner. Even assuming that Your Honor is correct, that did not prevent the petitioner from filing his petition in a timely manner. He made a choice. Perhaps it was the wrong choice. But choices have to lie within a reasonable range, and to ask anybody, let alone a prisoner, to give up the only document he has for possible freedom without a single copy, that's unreasonable. I don't know that it is unreasonable to require that a defendant who is in a State prison to ask for his copies in less than a three-day turnaround, contemplating as we must the passage of the weekend. I don't know that that is an extraordinary circumstance, and I don't know that the Court – I don't know that I agree with the Court that this is a fact which rendered it impossible for him to meet the deadline. Would it be proper for him – I'm sorry, Your Honor. Would it have been proper for him just to send in the original document to the district court without a copy? Would it have been proper for him to send a copy of the petition to the district court? Well, you need to file an original and a copy with the district court. I don't know that pro se petitioners are required to submit both an original and a copy. They just have to submit the one? Is there a rule that says that? They only have to – they don't have to submit the copy to the district court? Who makes the copy for the – you know, the district court, you have to have two. Well, I – An original and a copy. I can tell – One goes to the judge's chambers, and one goes – the original goes to the clerk's office. I can – I don't think the district court makes the copy. Certainly the district court makes a copy for me when I have to respond on a petition. They make a copy – do you know if there is a rule that they make a copy for the district court judge as well? I have no idea about that, Your Honor. I do know that traditionally and historically, and at the urging of this Court, that there have been all kinds of technical defects in pro se petitions for writ of habeas corpus. In another case, unrelated to this, I just heard an argument from the State where the State said, well, of course prisoners keep all their records of their litigation. They get copies of all their stuff, and they keep it in their prison cells. I see I'm out of time. Can I – No, no. I'm just – you know, I'm just curious.  No. Not at all, Your Honor. Again, I think that we're perhaps dealing with two completely different matters. For example, in this particular case, the district court found that this defendant did have adequate – or at least there was no contrary allegation – that this defendant had more than adequate access to all of his legal documents. I mean, I would say that in this case, it's entirely possible – No, you said in response to Judge Noonan's question that he should have just sent in the original. Yes, Your Honor. Without making a copy. Yes, Your Honor. For himself. Yes, Your Honor. And why – and I agree with Judge Noonan. Why would anybody want to do that? I'm not saying it would be wise, Your Honor. I'm saying that if your – Because then the State would come back and say, well, you should have had a copy. You should have kept the copy. And, you know, you get to keep them in your prison cells. I'm not sure under what circumstances I would be in a position where arguing that whether or not the defendant had a photocopy of his Federal petition would be relevant to some issue. And I'm not trying – I'm not trying to be obtuse with the Court. I'm just not sure that I understand how that fits into the relevant legal standard that's been articulated for the purposes of equitable – Well, Judge Noonan was just pointing out, though, that it was – under all the circumstances, it was reasonable for him to request a copy. My question is whether or not – you know, what happened there? Why wasn't that – why was it enabled? He makes the allegation that there was a lockdown. He wasn't able to get a copy. And I agree with the Court that he should get a copy. It's prudent to get a copy. It's appropriate for him to get a copy. And I would point out that, I mean, assuming that Judge Noonan's memory of the date is superior to my own, it was from September 28th until October 3rd, a period of five days. That's the amount of time it took for him to get the copy. So it's not as if there was some – it was impossible for him to get a copy in a reasonably expeditious manner. Well, that's what we can find out. When it goes back, that's what we can find out. But those dates aren't in dispute, Your Honor. We don't need to resolve the question. No, but we don't know the cause of that delay. Well, again, I don't think that it's particularly relevant because, in this case, if the defendant had requested his copies in a reasonably timely manner, rather than waiting until, in this case, the day last one before the period of limitations had expired, before he asked for his copies, then we wouldn't be confronted with this situation. That's the lack of diligence. That's the risk that, Your Honor, that we were discussing before, that if you wait until that much time has passed, things like normal delays in requests for copies may be fatal to your request for Federal relief. Thank you. Your Honor, may it please the Court? I just had a few things to clarify. I'm looking here at the appellee's brief just in terms of the dates. Just to clarify, it's looking like they're saying, which I agree with it, his State Court judgment became final on March 20th, 2000. So on December 20th, 2000, Petitioner filed a petition for writ of habeas corpus in the district court. That's his first case. It wasn't on the last day of the period at all. So I'm not sure where that's coming from. And then I want to talk about the magistrate judge. The magistrate judge really didn't get a chance to deal with this issue of what happened on the lockdown. So I think the emphasis on the magistrate judge had on, you know, this guy was too slow was wrong because he was well within his one-year period when he filed his first petition. The real problem was that he didn't understand that during the pendency of the first petition, nothing was going to be told. That's the real issue. And the real issue is that he asked for that 60-day stay. He didn't get any kind of response. And I think it would be very useful to develop the record further and to have a finding with counsel. I mean, if we remand this and we get an appointment of counsel so that we don't have this teenager trying to represent himself in the district court and trying to develop the record himself, if he can get somebody to do that for him, that would be really great. We could find out what really happened. Thank you. Roberts. Thank you. The matter will be deemed submitted. Thank you.
judges: B. Fletcher, Noonan, Paez